UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JORGE MARTINEZ and LISSETE MARTINEZ, his wife,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**SAFARILAND, LLC, d/b/a SAFARILAND GROUP, SAFARILAND LTD.; MAUI ACQUISITION CORP., et al.,**<br><br>    Defendants. | Civ. No. 21-12028 (KM) (AME)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Jorge Martinez, a police officer, brings this state-law product liability action, asserting that defects in a holster allowed a third party to discharge the holstered firearm, causing him injury. His spouse asserts a *per quod* claim. The named defendants[1] move to dismiss the complaint for failure to state a claim, citing Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the motion to dismiss will be **DENIED IN PART and GRANTED IN PART**.

I. **BACKGROUND**

Plaintiffs filed their complaint in Superior Court of New Jersey, Middlesex County, Law Division, on April 30, 2021. ("Cplt.", DE 1-1.)[2] Defendants filed a notice of removal to this Court on June 1, 2021. (DE 1.) Removal, based on diversity of citizenship and an amount in controversy exceeding $75,000, is not contested.

---

[1] The remaining defendants are fictional John Doe parties. Defendants note that Safariland Ltd., Inc. was merged into Safariland, LLC in 2009, and that Maui Acquisition Corp. is now known as Cadre Holding, Inc. I will refer to the defendants as "Safariland" and "Maui."

[2] "DE" refers to the docket entry numbers in this case.

The complaint alleges as follows. Plaintiff Jorge Martinez is an officer in the Perth Amboy Police Department. Plaintiff Lissette[3] Martinez is his spouse.[4] Defendants Safariland and Maui manufacture and distribute the Safariland Glock 21 drop holster, model 6305 (the "holster"), which is used by police departments. (Cplt. Count 1 ¶¶ 1–5.)

On May 3, 2019, Martinez was attending a police Special Olympics fund raising event in Belmar, New Jersey. He was in uniform and was wearing the holster, which carried both his .45 caliber service handgun and his flashlight. A disabled juvenile grabbed the holster and gun. Although the gun was holstered, the juvenile was able to place his or her finger near the trigger, causing the holstered gun to be discharged. Martinez was injured as a result. (*Id.* ¶¶ 5–7.)

Count 1 asserts a claim under the New Jersey Products Liability Act ("PLA"), N.J. Stat. Ann. § 2A:58C-1, *et seq.*, that the holster was defectively designed and manufactured, as well as a failure to warn claim.

Count 2 asserts a claim under the PLA for breach of express and implied warranties.

Count 3 asserts a claim of negligence.

Count 4 asserts a claim under N.J. Stat. Ann. § 2A:58C-5, *et seq.*, for punitive damages.

Count 5 is a claim by Lissette Martinez for loss of consortium.

## II. DISCUSSION

On July 7, 2021, defendants filed the motion to dismiss that is the subject of this opinion. (DE 8.) Plaintiffs have filed a response, (DE 10), and defendant have filed a reply, (DE 11.)

---

[3]   Ms. Martinez's first name is spelled with one "t" in the caption, but two thereafter in the body of the complaint. I have adopted the latter spelling, with apologies in advance if that is incorrect.

[4]   Herein, "Martinez" refers to Jorge Martinez, unless Lissette Martinez is specified.

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim on which relief may be granted. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in the plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc). Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a Rule 12(b)(6) motion, the court is generally confined to the face of the complaint, but may also consider documents relied upon in or attached to it, as well as matters of which a court may properly take judicial notice. At the outset, I note that the plaintiffs attempt to supplement their allegations with statements in their responding brief, and have also filed an affidavit with evidentiary exhibits. These are not properly considered on a motion to dismiss, and I disregard them.

The New Jersey PLA subsumes and supplants what formerly were separate products liability causes of action. *See Kenworthy v. Lyndhurst Police Dep't*, No. CV 18-12822, 2020 WL 289555, at *13 (D.N.J. Jan. 21, 2020) ("Aside from breach of express warranty, the PLA subsumes any cause of action 'for harm caused by a product, irrespective of the theory underlying the claim.'") Specifically, the PLA encompasses claims for (1) design defect; (2) manufacturing defect; and (3) failure to warn. *See* N.J. Stat. Ann. § 2A:58C-2. I discuss those three PLA causes of action in subsections A, B, and C. In subsections D, E, F, and G, I discuss the remaining theories: breach of warranty, negligence, punitive damages, and loss of consortium.

### A. Design Defect (Count 1 (part))

The parties essentially agree that "[t]o establish a prima facie design defect claim, a plaintiff must allege an actionable defect: generally, 'the availability of a technologically feasible and practical alternative design that would have reduced or prevented the plaintiff's harm without substantially impairing the reasonably anticipated or intended function of the product.'" *Vicente v. Johnson & Johnson*, No. CV201584 (KM) (JBC), 2020 WL 7586907, at *8 (D.N.J. Dec. 21, 2020). Defendants argue that the complaint alleges generally that an alternative design was feasible, but fails to plead enough facts to satisfy the *Twombly/Iqbal* standard.[5]

The complaint alleges that a juvenile was able to insert a finger and discharge the firearm, despite its being holstered. For a simple, physical device whose "intended function" is readily apparent, that is enough. What Martinez is saying is that the holster should have been designed to obstruct such casual access. That there are feasible physical means of obstructing such access is obvious and easily inferred. To be sure, many issues remain to be explored in discovery. For example, the design must be assessed in relation to the balancing of third-party access against the need to ensure that the officer himself has ready access.

A claim, however, has been stated. The motion, insofar as it seeks to dismiss the design defect claim, is denied.

### B. Manufacturing Defect (Count 1 (part))

A manufacturing defect claim under the PLA requires that "the product causing the harm was not reasonably fit, suitable or safe for its intended purpose." N.J. Stat. Ann. § 2A:58C–2. Such a defect, to be actionable, must consist of a deviation "from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured

---

[5] Of course, the complaint was filed in state court, where those standards do not apply. The case is present in federal court, and subject to *Twombly/Iqbal* regime, because defendants removed it.

to the same manufacturing specifications or formulae." *Id.* In short, this is a claim of a flaw, not in the design, but in the execution.

Assuming that the accident occurred as alleged, as I must on a motion to dismiss, it is unclear whether the cause was a defective design or defective execution of an adequate design. Plaintiff points out that the facts are largely in the defendants' control; in particular, he is not privy to the "design specifications, formulae, or performance standards of the manufacturer," which must be obtained in discovery. The design defect/manufacturing defect claims may well turn out to be an either/or proposition, which can be resolved on summary judgment. Some discovery is required, however, and I will permit both claims to go forward, if only in the alternative.

The motion to dismiss, insofar as if seeks to dismiss the manufacturing defect claim, is denied.

### C. Failure to Warn (Count 1 (part))

The PLA imposes liability for injury caused by a product that "was not reasonably fit, suitable or safe for its intended purpose" because it "failed to contain adequate warnings or instructions." N.J. Stat. Ann. § 2A:58C-2(b). An adequate warning is "one that a reasonably prudent person in the same or similar circumstances would have provided with respect to the danger and that communicates adequate information on the dangers and safe use of the product." N.J. Stat. Ann. § 2A:58C-4. *See generally Campos v. Firestone Tire & Rubber Co.,* 98 N.J. 198, 207 (1984). Once again, there is little disagreement as to the governing legal principles, but the defendants argue that the complaint fails to allege sufficient facts to satisfy the *Twombly/Iqbal* standard.

The complaint alleges that the defendants "failed to provide adequate warnings thereby allowing the discharge of plaintiffs' service weapon while still holstered." (Cplt. Count 1 ¶ 8.) Given the facts alleged, the nature of the omitted warning is obvious: a prudent manufacturer or seller should have warned the buyer or foreseeable user that a third party could access the trigger of the holstered weapon and cause it to discharge. This is, of course, only an

allegation, but the nature of the allegation and the facts on which it is based are clear enough to send the case forward to discovery.

The motion to dismiss, insofar as if seeks to dismiss the failure to warn claim, is denied.

### D. Express warranty (Count 2 (part))

Although the PLA subsumes most product liability theories, it leaves room for an independent claim of breach of express warranty. *See Kenworthy v. Lyndhurst Police Dep't*, No. CV 18-12822, 2020 WL 289555, at *13 (D.N.J. Jan. 21, 2020) ("Aside from breach of express warranty, the PLA subsumes any cause of action 'for harm caused by a product, irrespective of the theory underlying the claim.'"). *See* N.J. Stat. Ann. § 2A:58C-1(b)(3) ("'Product liability action' means any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty."). To plead a claim for breach of express warranty, a plaintiff must allege "(1) that Defendant[s] made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description." *Vicente v. DePuy Synthes Companies*, No. CV201584KMJBC, 2021 WL 5150196, at *5 (D.N.J. Nov. 5, 2021) (quoting *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 706 (D.N.J. 2011)).

The complaint fails to identify any such affirmation, promise, or description. Nor, *a fortiori,* does it describe the manner in which any such statement became part of the benefit of the bargain, or allege that the holster failed to conform to such statement. It merely asserts, with no supporting facts, the boilerplate allegation that the defendants warranted that the holster was fit for its intended use. (Cplt. Count 2 ¶ 2)

The motion to dismiss, insofar as it is directed to the express warranty theory, is granted.

### E. Implied Warranty and Negligence (Count 2 (part), Count 3)

Otherwise, as noted above, "the PLA subsumes any cause of action 'for harm caused by a product, irrespective of the theory underlying the claim.'" *Kenworthy*, 2020 WL 289555, at *13; *see also Green v. Gen. Motors Corp.*, 310 N. J. Super. 507, 517, 709 A.2d 205 (App.Div.1998) ("causes of action for negligence, strict liability and implied warranty have been consolidated into a single product liability cause of action" under the PLA).

Defendants assert that implied warranty and negligence are among the theories supplanted by the PLA. *See, e.g., Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 313 (3d Cir. 1999) ("Under New Jersey law negligence is no longer viable as a separate claim for harm caused by a defective product."); *Chester v. Bos. Sci. Corp.*, 2017 WL 751424 at *4 (D.N.J. Feb. 27, 2017) ("Courts in this Circuit . . . consistently dismiss product liability claims based on those common-law theories.") (citations omitted); *Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 818 (D.N.J. 2019) ("In recognition of the broad scope of the [PLA], New Jersey federal and state courts have consistently dismissed product liability-related claims based on common law theories when at the heart of those theories is the potential 'harm caused by a product.'").

Plaintiffs make no response in their opposing brief. The motion to dismiss, insofar as it is direct to the implied warranty and negligence theories, is granted.

### F. Punitive Damages (Count 4)

Count 4 asserts a separate claim for punitive damages. This is not properly a separate claim, but a prayer for relief, contingent upon a finding of liability on one of the other counts:

> Under New Jersey law, an independent count for punitive damages may not be cognizable. *See* N.J. Stat. Ann. § 2A:15-5.13 (1995); *In re Est. of Stockdale*, 196 N.J. 275, 953 A.2d 454, 473 (2008); *Giordano v. Solvay Specialty Polymers USA, LLC*, 522 F.Supp.3d 26, 38-39 (D.N.J. 2021).

*Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 411 (3d Cir. 2021). Defendants are now on notice that if the plaintiffs establish liability, they may seek punitive damages. To plead punitive damages as a separate cause of action, as opposed to including it in a prayer for relief, contributes nothing but clutter.

The motion to dismiss, insofar as it is directed to the Count 4 claim for punitive damages, is granted.

### G.  Loss of Services, Society, and Consortium (Count 5)

Count 5 is pled on behalf of co-plaintiff Lissette Martinez, who is the spouse of plaintiff Jorge Martinez. The substantive portion of the allegation is as follows:

> As a direct and proximate cause of the negligence, carelessness and recklessness of the defendants as aforesaid, and resultant injuries to plaintiff, Jorge Martinez, plaintiff, Lissette Martinez became deprived of the services, society and consortium of plaintiff Jose Martinez.

(Cplt. Count 5 ¶ 3)

Lissette's claim for loss of consortium is derivative of Jorge's claim; it has no independent force. *See, e.g., Becker v. Smith & Nephew, Inc.*, No. CIV. 14-5452 (WHW) (CLW), 2015 WL 268857, at *5 (D.N.J. Jan. 20, 2015) ("Loss of consortium is a derivative claim which depends for its sustenance upon a viable tort claim of the spouse."), *quoting Finley v. NCR Corp.*, 964 F. Supp. 882, 889 (D.N.J. 1996). By its express terms, Count 5 is predicated on the "negligence, carelessness and recklessness of the defendants as aforesaid." The claim of negligence, however, has been dismissed because it does not survive under the PLA. Because the predicate negligence claim is not viable, the derivative claim for loss of consortium is not viable, either.

That said, amendment would perhaps not be futile. As plaintiffs point out, the PLA itself seems to define actionable "harm" in a manner that contemplates such *per quod* claims:

8

(a) physical damage to property, other than to the product itself; (b) personal physical illness, injury or death; (c) pain and suffering, mental anguish or emotional harm; and (d) any loss of consortium or services or other loss deriving from any type of harm described in subparagraphs (a) through (c) of this paragraph.

N.J. Stat. Ann. § 2A:58C-l(b)(2).

Nevertheless, Count 5 as pleaded fails to state a claim, and the motion to dismiss, insofar as it is directed to Count 5, is granted.

### III. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss the Complaint is **GRANTED IN PART AND DENIED IN PART**.

Specifically, the motion to dismiss is **GRANTED** as to Count 2, insofar as it asserts implied warranty; Count 3; Count 4; and Count 5. It is otherwise **DENIED**. A separate order will issue.

Dated: March 2, 2022

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**