NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JORGE MARTINEZ and LISSETE MARTINEZ, his wife, | : **Civil Action No. 21-12028-EP-AME** |
| Plaintiffs, | : |
| v. | : **OPINION & ORDER** |
| SAFARILAND, LLC d/b/a SAFARILAND GROUP, et al., | : |
| Defendants. | : |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on plaintiffs' motion for leave to file an amended complaint, pursuant to Federal Rule of Civil Procedure 15(a). [ECF 21] Defendants oppose the motion. The Court has considered the written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is granted.

**I.    BACKGROUND[1]**

Plaintiffs Jorge Martinez and Lissette Martinez, a married couple (collectively "Plaintiffs"), filed this action in the Superior Court of New Jersey on or about May 3, 2021, seeking relief for injuries sustained by Mr. Martinez on May 3, 2019, when a third party gained access to his firearm and discharged it. The Complaint alleges the incident and resulting injuries

---

[1] A detailed background of the facts is set forth in the Honorable Kevin McNulty's March 3, 2022 Opinion [ECF 15] and will not be repeated here, particularly as the Court writes for the parties only. This synopsis focuses on information pertinent to the motion for leave to amend the Complaint.

to Mr. Martinez occurred because the holster in which he carried the firearm was defective on the date of the incident. According to the Complaint, defendants Safariland, LLC and Maui Acquisition Corp. (collectively "Defendants") manufacture and distribute the allegedly defective holster.

The originally-filed Complaint asserted claims under the New Jersey Products Liability Act ("PLA"), N.J.S.A. § 2A:58C-1, *et seq.*, for manufacturing defect, design defect, and failure to warn; claims under the common law theories of negligence, breach of implied warranty, and breach of express warranty; and a claim by Ms. Martinez for loss of consortium, also known as a "per quod" claim. After removing the action to this Court on June 1, 2021, on the basis of diversity jurisdiction, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). By order entered March 3, 2022 [ECF 16], the Honorable Kevin McNulty, U.S.D.J., denied the motion to dismiss as to the PLA claims but granted it as to the other claims asserted in the Complaint.

As set forth in a March 3, 2022 Opinion [ECF 15], the District Court found, in relevant part, that Mr. Martinez's negligence claim must be dismissed because it is subsumed by the PLA claim, and that Ms. Martinez's loss of consortium claim must be dismissed because, as pled, it existed solely as derivative of Mr. Martinez's negligence claim. The District Court noted the Complaint alleged as follows:

> As a direct and proximate cause of the negligence, carelessness and/or recklessness of the defendants as aforesaid, and the resultant injuries to plaintiff, Jorge Martinez, plaintiff, Lissette Martinez became deprived of the services, society and consortium of plaintiff, [Jorge] Martinez.

March 3, 2022 Opinion at 8 (quoting Compl., Fifth Count ¶ 3). The District Court reasoned that, because the negligence cause of action failed to survive the motion to dismiss, the derivative per

2

quod claim necessarily could not proceed either. *Id.* However, the District Court also observed that perhaps Plaintiffs could amend their pleading to re-assert the per quod claim as predicated on the viable PLA claims, citing the statutory provision which defines "harm" to include loss of consortium. *See id.* at 8-9.

## II.   DISCUSSION

Plaintiffs now move for leave to amend to plead the per quod claim based on the PLA, which expressly authorizes a cause of action for "harm caused by products." N.J.S.A. 2A:58C-1. In relevant part, the statute defines "harm" to include loss of consortium or services deriving from property damage, physical injury or death, and/or pain and suffering giving rise to a product liability action. *See* N.J.S.A. 2A:58C-1(a)(b)(2). The proposed First Amended Complaint submitted by Plaintiffs with their motion alleges:

> 3.     As a direct and proximate result of the action of the defendants on the placement of the Safariland Glock 21 drop holster, model #6305 and its components in the stream of commerce as aforesaid, plaintiff, and the resulting injuries to plaintiff Jorge Martinz [sic], Lissette Martinez became deprived of the services, society and consortium of plaintiff, [Jorge] Martinez.

> 4.     Defendants . . . are liable to the plaintiff for these damages pursuant to N.J.S.A. 2A:58(1)(b)(2), et. seq.

(Chamas Cert. Ex. C.)

Defendants oppose the motion, arguing Ms. Martinez's claim is barred by the statute of limitations, which imposes a two-year limitations period on claims brought pursuant to the PLA. *See* N.J.S.A. § 2A:14-2; *Rolax v. Whitman*, 175 F. Supp. 2d 720, 725 (D.N.J. 2001), *aff'd*, 53 F. App'x 635 (3d Cir. 2002). As such, Defendants maintain, any PLA claim arising out of the May 3, 2019 incident, including the per quod claim, is untimely if filed after May 3, 2021. They

further maintain Plaintiffs have failed to demonstrate the claim can be salvaged by the relation

back rule. Defendants therefore urge the Court to deny Plaintiffs leave to file their proposed

Amended Complaint on grounds of futility of amendment.

Motions for leave to amend pleadings are governed by Federal Rule of Civil Procedure

15, which provides that"[t]he court should freely give leave [to amend a pleading] when justice

so requires." Fed. R. Civ. P. 15(a)(2). However, it is well-established that leave to amend may be

denied for various equitable reasons including, among others, "futility of amendment." *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962). Futility, in the context of assessing the merits of a motion for

leave to amend under Rule 15, "means that the complaint, as amended, would fail to state a claim

upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410,

1434 (3d Cir. 1997); *see also In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002)

(holding same). The decision to grant or deny leave to amend rests within the discretion of the

court. *Foman*, 371 U.S. at 182.

Plaintiffs do not dispute that their amended per quod claim would be filed after expiration

of the applicable limitations period. Generally, an amended pleading is deemed futile if it the

proposed claim is time-barred. *See, e.g., Berk v. Holligsworth*, Civ. No. 17-91, 2019 WL

6696288, at *2 (D.N.J. Dec. 9, 2019) (finding proposed amended complaint futile because,

among other reasons, the claims were "barred by the statute of limitations"); *Giordano v. W.*

*Orange Bd. of Educ.*, Civ. No. 14-4202, 2016 WL 6090922, at *2 (D.N.J. Oct. 18, 2016)

(denying motion for leave to amend complaint because proposed claims were time-barred).

However, Plaintiffs maintain their proposed amendment is not futile because the per quod claim

relates back to the filing date of the original Complaint by operation of Rule 15(c).

In relevant part, Rule 15(c) states: "an amendment to a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The relation back rule serves to "balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010). The Third Circuit has observed that "[w]here an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality." *Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012) (citing *Krupski*, 560 U.S. at 550); *see also Nelson v. County of Allegheny*, 60 F.3d 1010, 1015 (3d Cir. 1995) (noting the "relation-back rule ameliorates the effect of statues of limitations"). To strike the appropriate balance between the parties' competing interests, relation back requires that "the already commenced action sufficiently embraces the amended claims." *Id.* (quoting *Nelson*, 60 F.3d at 1015). The "touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'" *Id.* at 146 (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n. 3 (1984)).

Here, that notice requirement is clearly satisfied. Indeed, from the inception of this action, the Complaint stated that Mr. Martinez asserted a PLA claim, among others, arising out of the May 3, 2019 incident and that his wife was pursuing relief under a per quod theory in connection with the injuries he sustained in that incident. It is true that, as originally pled, Ms.

Martinez's per quod claim invoked Mr. Martinez's negligence claim but not his PLA claim. As such, on Defendants' Rule 12(b)(6) motion, the District Court determined that, because the negligence cause of action was not cognizable under the statutory scheme of the PLA, Ms. Martinez's derivative per quod claim must also be dismissed. However, the face of the Complaint made clear that Ms. Martinez asserted, and intended to assert, a loss of consortium claim arising out of the very same occurrence on which Mr. Martinez's PLA claim is based. Defendants' assertion that they understood the omission of an express reference to the PLA in Ms. Martinez's originally pled claim to have "telegraphed to Defendants that she had no [derivative PLA] claim" (Sur-Reply at 4) strains plausibility.

The amendment at issue simply seeks to revive Ms. Martinez's per quod claim and correctly plead it as derivative of Mr. Martinez's PLA claim. There is no question it arises under the occurrence set out in the original pleading, as required for relation back to apply under Rule 15(c)(2). Nor is there any question that, in moving for leave to amend under Rule 15, Plaintiffs may avail themselves of the Rule's relation back provision, notwithstanding Defendants' argument that the motion must be denied on grounds the Plaintiffs' initial motion papers did not expressly invoke Rule 15(c).[2] In short, the amendment here is precisely the situation Rule 15(c) is designed to address: avoiding a technicality to permit resolution of a claim on the merits.

Defendants do correctly note, however, that the proposed Amended Complaint improperly re-asserts the various claims for negligence, breach of implied warranty, and breach of express warranty, which had been dismissed by the District Court's March 3, 2022 Order.

---

[2] The applicability of the relation back principle received ample attention in further briefing, including a sur-reply Defendants were given leave to file.

Plaintiffs explain they repeated the original Complaint's content purely in the interest of continuity but state they seek to amend the Complaint "only . . . to add a per quod claim under the PLA." (Reply at 5-6.) They further disavow any intention of reviving the other previously dismissed causes of action. (*Id.*) Local Civil Rule 15.1 requires that a motion to amend a pleading include a copy of the proposed amended pleading and a form of the amended pleading which, among other things, strikes through materials to be deleted and underlines those to be added. See L. Civ. R. 15.1(a). Plaintiffs' proposed First Amended Complaint, submitted as Exhibit C to the Chamas Certification, incorrectly combines the material to be deleted together with the new material. Accordingly, in granting leave to amend, the Court will direct Plaintiffs to file an amended complaint consistent with this Opinion and the March 3, 2022 Opinion and Order of the District Court.

### III.    CONCLUSION AND ORDER

For the foregoing reasons, this Court finds, in its discretion, that leave to file an amended complaint to assert a per quod claim on behalf of Ms. Martinez is warranted under Rule 15(a)(2) and Rule 15(c)(2). Accordingly,

**IT IS** on this on this 22nd day of August 2022,

**ORDERED** that Plaintiffs' motion for leave to file an amended complaint [ECF 21] is **GRANTED**; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 15, Plaintiffs are granted leave to file an amended complaint, which asserts Mr. Martinez's PLA claims and Ms. Martinez's PLA-derivative per quod claim but does not include any claims that were not the subject of this motion; and it is further

**ORDERED** that Plaintiffs shall file their amended complaint within seven days of this

Order.

 /s/ *André M. Espinosa*  
ANDRÉ M. ESPINOSA  
United States Magistrate Judge